UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIZABETH RANGEL,<br><br>  Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>  Defendant. | 3:14-CV-0429-LRH-VPC<br><br>ORDER |

Before the court is defendant Geico General Insurance Company's ("Geico") statement regarding removed action. Doc. #5.[1]

Plaintiff Elizabeth Rangel ("Rangel") initiated the present action against defendants on May 30, 2014, in the Second Judicial District Court for Washoe County, Nevada. On August 15, 2014, Geico removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.

Geico argues that the amount in controversy has been met because, although Rangel has identified only $10,000 in damages, she has requested punitive damages. *See* Doc. #5. Under Nevada law, a plaintiff awarded less than $100,000 in compensatory damages may receive punitive damages up to $300,000. NRS § 42.005(1)(b). Therefore, Geico argues that with punitive damages, the amount in controversy could be over the $75,000 requirement.

///

---

[1] Refers to the court's docket

1        The court has reviewed Geico's petition for removal and finds that Geico has not established that the amount in controversy has been met. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of a punitive damages award is not sufficient to prove that the amount in controversy has been met. In order to meet its burden for removal, Geico must present evidence indicating the amount of punitive damages that Rangel seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

       Here, Geico has failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by any punitive damages claimed by Rangel. Further, Geico has not shown that an award of punitive damages is a supportable claim in this action, nor has it established that any punitive damage award, if awarded, is more likely than not to exceed $65,000. Thus, Geico has failed to meet its burden to prove that the amount in controversy has been met. Accordingly, the matter shall be remanded for lack of jurisdiction.

       IT IS THEREFORE ORDERED that the present action, case no. 3:14-cv-0429-LRH-VPC, is REMANDED to the Second Judicial District Court for Washoe, Nevada.

       IT IS SO ORDERED.

       DATED this 19th day of September, 2014.

_____  
LARRY R. HICKS  
UNITED STATES DISTRICT JUDGE